**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-5193**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

NORMAN JAMES MCNEILL,

             Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:08-cr-00448-WO-1)

Submitted:  June 28, 2010            Decided:  July 22, 2010

Before KING, AGEE, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Angela Hewlett Miller, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Norman James McNeill appeals his conviction following a plea agreement and 120 month sentence for one count of distributing 50.1 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (2006). McNeill's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious issues for appeal, but questioning whether McNeill's sentence, which was the statutory mandatory minimum, was reasonable. McNeill was advised of his right to file a pro se supplemental brief, and has done so. For the reasons that follow, we affirm.

"Regardless of whether the sentence imposed is inside or outside the [g]uidelines range, the appellate court must review the sentence under an abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 51 (2007). Appellate courts are charged with reviewing sentences for reasonableness, considering both the procedural and substantive reasonableness of a sentence. Id.

In determining procedural reasonableness, we first assess whether the district court properly calculated the defendant's advisory guidelines range. Id. at 51. We then determine whether the district court failed to consider the 18 U.S.C. § 3553(a) (2006) factors and any arguments presented by the parties, treated the guidelines as mandatory, selected a

2

sentence based on "clearly erroneous facts," or failed to sufficiently explain the selected sentence. Id.; United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). "The district court 'must make an individualized assessment[,]'. . . apply[ing] the relevant § 3553(a) factors to the specific circumstances of the case before it." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (quoting Gall v. United States, 552 U.S. 38, 50 (2007)).

Additionally, a district judge must detail in open court the reasons behind its chosen sentence, "'set[ting] forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority.'" Id. (quoting Rita v. United States, 551 U.S. 338, 356 (2007)).

Finally, we review the substantive reasonableness of the sentence, "taking into account the 'totality of the circumstances, including the extent of any variance from the [g]uidelines range.'" Pauley, 511 F.3d at 473 (quoting Gall, 552 U.S. at 51)

Here, it is clear that the district court's sentence was procedurally reasonable. The district court properly calculated McNeill's Guidelines range at 120 to 150 months' imprisonment, and provided an individualized assessment, explicitly stating why he chose to sentence McNeill to the lower

3

end of the Guidelines range. Accordingly, we find that McNeill's sentence was procedurally reasonable.

This court accords a sentence within the properly calculated guidelines range an appellate presumption of reasonableness. United States v. Abu Ali, 528 F.3d 210, 261 (4th Cir. 2008), cert. denied, 129 S. Ct. 1312 (2009). Such a presumption can be rebutted only by showing "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted). McNeill's sentence was within the Guidelines range, and his counsel has not demonstrated that the sentence was unreasonable. We therefore find that his sentence was substantively reasonable.

McNeill raises one issue in his pro se supplemental brief: whether the Assistant United States Attorney who prosecuted his case was licensed to practice law at the time he entered the plea agreement. After reviewing the record, we find that even if the Government's attorney was not properly licensed, there was no showing of prosecutorial misconduct and McNeill has not shown that he was prejudiced.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform his client, in writing,

4

of his right to petition the Supreme Court of the United States for further review.  If McNeill requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on McNeill.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED